UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MODERN GLOBAL COMPANY FOR GENERAL TRADING OF EQUIPMENTS, SUPPLIER FOR CONSTRUCTION AND REAL ESTATE WLL, | Civil Action No. 1:22-mc-00362-JLR |
| Petitioner, | **STIPULATION OF PROTECTIVE AGREEMENT AND ~~[PROPOSED]~~ ORDER** |
| -against- | |
| KOREK TELECOM COMPANY LLC, | |
| Respondent. | |

WHEREAS, Petitioner Modern Global Company For General Trading Of Equipments, Supplier For Construction And Real Estate WLL ("Modern Global") served a subpoena *duces tecum* dated January 12, 2024 (the "Subpoena") on non-party JPMorgan Chase Bank, N.A. ("JPMCB") in this action (the "Action"); and

WHEREAS, the Subpoena calls for the production of documents in JPMCB's possession containing information that includes confidential information; and

WHEREAS, compliance with the Subpoena will take place in New York;

IT IS HEREBY STIPULATED AND AGREED by and between Petitioner and JPMCB, by and through their respective undersigned counsel, as follows:

1.      This Protective Agreement and Order applies to "Confidential Information," as defined below, produced or otherwise disclosed by JPMCB to Petitioner in response to the Subpoena and to any future subpoena that Petitioners may serve on JPMCB in connection with the Action.

2.      The term "Confidential Information" as used in this Protective Agreement and Order means any record, spreadsheet, or other document produced by JPMCB in response to the

Subpoena that JPMCB, after reviewing such record, spreadsheet or other document, reasonably and in good faith believe constitutes or reveals:  (i) confidential trade secrets, proprietary business information, non-public personal, client, or customer information concerning individuals or other entities or items; or (ii) information protected from disclosure by any relevant federal, state or foreign data-protection laws.  "Confidential Information" as used in this Protective Agreement and Order shall not include information derived exclusively from any public source, regardless of whether such information is duplicative of the information contained in the documents produced by JPMCB.  JPMCB may designate any such record, spreadsheet, or other document for protection under the terms of this Protective Agreement and Order by affixing the term "CONFIDENTIAL" to each page that contains confidential material.

3.      If Petitioner contends that materials designated by JPMCB should not be deemed Confidential Information under this Protective Agreement and Order, it shall notify JPMCB of its position within 14 days from the receipt of such designation.  Upon JPMCB's receipt of such notification, Petitioner and JPMCB shall meet and confer within seven days to attempt to resolve the dispute by agreement.  If Petitioner and JPMCB are unable to resolve the dispute by agreement, they shall proceed under Rule 45 of the Federal Rules of Civil Procedure.

4.      Petitioner shall not use or disclose the Confidential Information for any purpose other than (i) in actions to enforce Petitioner's judgment dated December 19, 2022 entered against Respondent Korek Telecom Company LLC ("Korek") in the Action (the "Judgment"); (ii) in garnishment, execution or similar proceedings that Petitioner may commence in the future to enforce the Judgment; or (iii) in any appeals of the foregoing actions and proceedings (collectively, the "Judgment Enforcement Proceedings").

5.      Documents produced by JPMCB and designated Confidential may be filed with the Court in connection with any application, motion, hearing, trial or other proceeding in any

Judgment Enforcement Proceeding, but only on the condition that confidential identifying information – *i.e.* account numbers, codes, social security numbers, taxpayer identification numbers, employer identification numbers, passwords and information that may be used for identity theft – be redacted from such documents, before they are filed, to the extent such information is not necessary to advance the purpose or objective of the filing.  To the extent Petitioner intends publicly to file Confidential Information without redacting confidential identifying information, contending that such confidential identifying information is relevant or necessary, Petitioner shall contact JPMCB's counsel and provide JPMCB forty-eight hours to review the document(s) before the Confidential Information is filed. If JPMCB notifies Petitioner's counsel of a dispute under this paragraph within that forty-eight hour period, JPMCB shall have the right to apply to the Court, within five business days and before the Confidential Information is filed, for an order sealing or barring the public filing of the Confidential Information.  Petitioner shall not file the Confidential Information until after the Court has ruled on any such application. Petitioner and JPMCB agree to act in good faith to try to resolve any dispute under this paragraph without having to involve the Court.

6.      Nothing in this Confidentiality Agreement will prevent any person subject to it from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving a request will provide written notice to the producing person at least 10 days before any disclosure or otherwise with as many days' notice as is permitted by the time allowed under the request.  Upon receiving such notice, JPMCB shall have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

7.      Once Confidential Information is produced, it may be disclosed, summarized, or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with the Action and any Judgment Enforcement Proceedings:

      a.      Counsel who represent parties in the Action and Judgment Enforcement Proceedings, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Protective Agreement and Order, but only after such counsel have agreed to be bound by this Protective Agreement and Order;

      b.      Experts or consultants assisting counsel for those parties in the Action and Judgment Enforcement Proceedings, but only after such experts or consultants have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 8 below;

      c.      Potential, anticipated and actual witnesses, and their counsel, in the Action or the Judgment Enforcement Proceedings, but only after such witnesses have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 8 below;

      d.      The Court in the Action and any court in the Judgment Enforcement Proceedings; and

      e.      Court reporters employed in connection with the Action or any Judgment Enforcement Proceedings.

8.      Before counsel may show or disclose Confidential Information pursuant to Section 7 to any witness, expert or consultant, except at trial, that witness, expert or consultant shall be provided a copy of this Protective Agreement and Order and must sign the agreement,

4

annexed as Exhibit A, to be bound by this Protective Agreement and Order.  Any disclosure of

Confidential Information to witnesses, experts or consultants pursuant to Section 7 must be

useful or necessary, in the opinion of counsel, for the preparation for or conduct of the Action or

any Judgment Enforcement Proceedings.

9.      The inadvertent disclosure by JPMCB of any document or information subject to

a claim of attorney-client privilege, attorney work-product, or similar ground on which

disclosure of such information should not have been made, shall not be construed as a waiver of

such claim, and JPMCB shall have the right to have the document or information returned to its

counsel.  Nor shall this Protective Agreement and Order be construed as requiring JPMCB, or

any of their respective branches or subsidiaries, to commit any act that would violate any

domestic, federal, state or local law, or any law of a foreign jurisdiction.  The inadvertent

disclosure in violation of any such law shall not be considered a waiver of JPMCB's right to

assert the privilege or other ground on which the document(s) or information in question should

not have been disclosed, or of its right to a return of the document(s) or information.

10.     The obligations under this Protective Agreement and Order shall survive the

termination of the Action and of any Judgment Enforcement Proceedings and shall continue to

bind Petitioner, JPMCB, and the parties to whom Confidential Information is disclosed and who

become bound by this Protective Agreement and Order.

11.     This Protective Agreement and Order shall be governed by, and construed and

interpreted in accordance with, the substantive laws of the State of New York without giving

effect to New York's conflict-of-law principles.  Any motion or proceeding related in any way to

this Protective Agreement and Order, or to any dispute as to JPMCB's compliance with the

Subpoena, shall be brought in the United States District Court for the Southern District of New

York.  The parties hereby irrevocably and unconditionally waive the right to contest personal

jurisdiction or venue in the Southern District of New York

       12.     Upon execution by the parties' respective counsel, and before being so-ordered by

the Court, this Protective Agreement and Order shall be binding upon the parties and shall be

deemed to have the same effect as a court order.

       13.     The parties may sign this Protective Agreement and Order digitally, and email

copies of signatures shall have the same force and effect as original signatures.

       14.     JPMCB's entry into this Protective Agreement and Order shall not be deemed a

waiver of any of its objections or defenses to the Subpoena or to any subsequent subpoena that

Petitioner may serve on JPMCB.

DATED:  April 23, 2024

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By:   /s/ Gregg Badichek
    Kristin Tahler
    Kevin S. Reed
    Gregg Badichek
    kristintahler@quinnemanuel.com
    kevinreed@quinnemanuel.com
    greggbadichek@quinnemanuel.com

    865 S. Figueroa St., 10th Floor
    Los Angeles, CA 90017
    (213) 443-3000 Main Office Number

    51 Madison Avenue, 22nd Floor
    New York, NY 10010
    (212) 849-7000 Main Office Number

    1300 I St NW, #900
    Washington, D.C. 20005
    (202) 538-8000 Main Office Number

    *Counsel for Petitioner Modern Global
    Company for General Trading of
    Equipments, Supplier for Construction
    and Real Estate WLL*

BRAVERMAN GREENSPUN, P.C.

By:   /s/ Steven B. Feigenbaum
    Steven B. Feigenbaum
    sfeigenbaum@braverlaw.net

    110 East 42nd Street, 17th Floor
    New York, NY 10017
    (212) 682-2900 Main Office Number

    *Counsel for Non-Party JPMorgan Chase
    Bank, N.A*

SO ORDERED.

Dated: April 23, 2024
    New York, New York

JENNIFER L. ROCHON
United States District Court Judge

7

<u>EXHIBIT A</u>

<u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

I have been informed that on April \_\_\_, 2024, the United States District Court for the

Southern District of New York entered a Protective Agreement and Order (the "Protective

Agreement and Order") in the litigation entitled *Modern Global Company For General Trading*

*Of Equipments, Supplier For Construction And Real Estate WLL v. Korek Telecom Company*

*LLC*, Case No. 1:22-mc-00362-JLR (S.D.N.Y.).  I have read the Protective Agreement and Order

and agree to abide by its obligations as they apply to me.  I will hold in confidence, and not

disclose to anyone not qualified under the Protective Agreement and Order, any Confidential

Information, as defined in the Protective Order, or any words, summaries, abstracts or indices of

the Confidential Information disclosed to me.  I voluntarily submit to the jurisdiction of the

United States District Court for the Southern District of New York for purposes of any

proceeding related to the Protective Agreement and Order, including my receipt or review of

information that has been designated as "Confidential Information."  The undersigned

acknowledges that his or her duties under the Protective Agreement and Order shall survive the

termination of this case and are permanently binding, and that the failure to comply with the

terms of the Protective Agreement and Order may result in a court's imposition of sanctions.


Date: _____


Printed name: _____


Signature: _____